

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

NEDRA D. CARR,

                    Plaintiff,

        v.                                                          ACTION NO. 4:09cv156

CLARION HOTEL, Hampton, Virginia, and
MCHD, Hampton, Corporations,

                    Defendants.

## FINAL DISMISSAL ORDER

Plaintiff brought this pro se action alleging employment discrimination while she worked as

a hotel front desk clerk. Defendant[1] filed a Motion for Summary Judgment on August 6, 2010.

Plaintiff did not file a Response to Defendant's Motion for Summary Judgment. Instead, she filed

her own Motion for Summary Judgment, to which Defendant responded. Plaintiff filed a late

Opposition without seeking leave for the late filing. Thus, these motions are ripe for consideration.

Plaintiff did not specifically dispute any of the facts set forth by Defendant as proposed

undisputed facts. Indeed, even her Motion for Summary Judgment does not contain a listing of facts

that she proposes are the operative facts in the case.[2] While Plaintiff has been shown deference

---

[1] The proper Defendant in this action is MCHD, Plaintiff's employer. Clarion is only the trade name used by MCHD. Plaintiff did not contest any of the facts establishing the roles of MCHD and Clarion. Therefore, dismissal of Clarion is appropriate in any event. Given, however, the Court's ruling on the substance of the summary judgment motions, separate dismissal of Defendant Clarion is not needed, and the Court refers to both Clarion and MCHD collectively as Defendant in this Final Dismissal Order.

[2] Plaintiff did submit a page entitled "Statement of Undisputed Material Facts," but the document lists legal definitions and conclusions, not alleged facts.

because of her pro se status, she is not excused from compliance with the rules that govern all litigants. Plaintiff was specifically advised that she needed to timely respond to Defendant's Motion for Summary Judgment and of her obligations to "identify all facts stated by the Defendants with which you disagree, . . . set forth your version of the facts with which you disagree, and ... set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by sworn statements (bearing a certificate for each that it is signed under penalty of perjury) . . . ." (D.E.. #22). Plaintiff filed neither a timely response to Defendant's Motion for Summary Judgment, nor a reply in support of her Motion for Summary Judgment. Because Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment set forth the same proposed facts as Defendant's Motion for Summary Judgment, Plaintiff had two separate opportunities to indicate her disagreement with the facts set forth by Defendant. She did not do so, and she did not propose any of her own facts. She did not submit any affidavits or declarations. Accordingly, the Court accepts all of Defendant's proffered facts as true.[3] Fed. R. Civ. P. 56 and Local R. 56.

This case presents no material issues of disputed fact warranting further proceedings. Plaintiff exhausted only her claims of discrimination on the basis of her race (black) and retaliatory

---

[3]Despite this, the Court carefully reviewed Plaintiff's 362-paged Motion for Summary Judgment and her untimely Opposition in order to ensure that Plaintiff had not referenced factual disputes that would preclude summary judgment if she had presented any such dispute properly. The Court is satisfied that Plaintiff's unfamiliarity with the rules was not her undoing in this case; her claims would still be deficient even if she had presented her contentions properly.

because of her pro se status, she is not excused from compliance with the rules that govern all litigants. Plaintiff was specifically advised that she needed to timely respond to Defendant's Motion for Summary Judgment and of her obligations to "identify all facts stated by the Defendants with which you disagree, . . . set forth your version of the facts with which you disagree, and ... set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by sworn statements (bearing a certificate for each that it is signed under penalty of perjury) . . . ." (D.E.. #22). Plaintiff filed neither a timely response to Defendant's Motion for Summary Judgment, nor a reply in support of her Motion for Summary Judgment. Because Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment set forth the same proposed facts as Defendant's Motion for Summary Judgment, Plaintiff had two separate opportunities to indicate her disagreement with the facts set forth by Defendant. She did not do so, and she did not propose any of her own facts. She did not submit any affidavits or declarations. Accordingly, the Court accepts all of Defendant's proffered facts as true.[3] Fed. R. Civ. P. 56 and Local R. 56.

This case presents no material issues of disputed fact warranting further proceedings. Plaintiff exhausted only her claims of discrimination on the basis of her race (black) and retaliatory

---

[3]Despite this, the Court carefully reviewed Plaintiff's 362-paged Motion for Summary Judgment in order to ensure that Plaintiff had not referenced factual disputes that would preclude summary judgment if she had presented any such dispute properly. The Court is satisfied that Plaintiff's unfamiliarity with the rules was not her undoing in this case; her claims would still be deficient even if she had presented her contentions properly.

termination before the EEOC.[4] As to her discrimination claim, the undisputed facts set forth in greater detail in Defendant's Motion for Summary Judgment are summarized below:

MCHD has a notably diverse work force and robust policies forbidding discrimination and retaliation and providing training for employees. Plaintiff was advised of the policies, and she was aware of the means by which she could assert any complaint. Plaintiff never complained to anyone in the hotel's corporate or on-site management (or to management's knowledge to any other employee) about discrimination or retaliation. In fact, no other employee complained about discrimination against themselves or against Plaintiff during her employment. Plaintiff frequently utilized the hotel's employee hotline and open door policy to air a variety of grievances, ranging from concerns about a coworker's footwear, the music playing in the lobby, and the fact that her church pastor was not allowed to make use of hotel linens free of charge. Plaintiff's evaluations noted that she needed to improve her communications with supervisors and her attitude.

On June 30, 2007, Plaintiff and a coworker verbally fought over their work duties. Rather than do as instructed by her supervisor, Plaintiff left her station to complain to another non-supervisory employee. Plaintiff explains why she did what she did, but she does not dispute that she did not follow her supervisor's directions. The supervisor stated that Plaintiff made inappropriate physical contact with her. Once management became aware of the conflict, Plaintiff was instructed to leave the premises so an investigation could be conducted; Plaintiff refused initially, but eventually left after another manager became involved. Plaintiff was suspended with pay. During the investigation, Plaintiff never contended orally or in writing that she had been discriminated

---

[4]The Court notes that the EEOC's issuance of a right to sue letter in no way constitutes proof of Plaintiff's contentions.

against or retaliated against. MCHD decided to terminate Plaintiff on July 5, but Plaintiff did not return to the hotel until July 17, at which point she was terminated. When she was terminated, Plaintiff never contended she was a victim of discrimination or retaliation or that the stated reasons for her termination were pretextual. Plaintiff was terminated for intentionally interfering with the job duties of another employee, insubordination, leaving her post, and acting in an unprofessional, disruptive manner that violated MCHD's policies.

For all the reasons set forth in Defendant's Memorandum in Support of its Motion to Dismiss, Plaintiff failed to establish a prima facie case of discrimination. She has proffered no evidence (or even factual allegations, as opposed to legal conclusions) that her termination (the only claimed adverse employment action she exhausted) was due to either her race or retaliation. The undisputed facts indicate that Plaintiff was not meeting Defendant's legitimate expectations at the time of her termination. Plaintiff did not establish that any employees outside her protected class were treated more favorably after engaging in similar behavior. It is apparent that Plaintiff's relationship with her supervisor and coworkers was not ideal. But Plaintiff's mere invocation of the word "discrimination" to label her workplace conflict does not suffice to meet her burden of establishing discrimination. Even assuming Plaintiff had established a prima facie case, she did not bear her burden of establishing that the reasons given for her termination were pretextual. At most, Plaintiff argues that she should not have been terminated as a result of her behavior. Her opinion, however, is insufficient, for it is not the Court's role to perform human resource functions by evaluating the wisdom of employment decisions. Employers can make "wrong" decisions and can even act unfairly. The Court, however, cannot remedy an employer's alleged bad decision; its only role is to remedy discrimination, which Plaintiff failed to establish.

4

Any retaliation claim fails because Plaintiff did not establish that she engaged in any protected activity as defined by Title VII. Plaintiff produced no documentary evidence of any complaint (although her numerous other complaints were documented in painstaking detail) about discrimination or harassment. She submitted no affidavit or declaration. Rather, she merely alleges (without any factual support) that she left a message at MCHD's corporate office in July 3, 2007, after she was suspended pending the investigation into the incident. When MCHD was first able to speak with Plaintiff, she did not mention discrimination, termination, or harassment. She did not mention it in a subsequent issue resolution form. Defendant has attested through affidavits that Plaintiff never complained of discrimination or retaliation. Therefore, Plaintiff has not met her burden of establishing protected Title VII activity, and even by her own unsubstantiated claim, her complaint came after the decision to terminate her had been made. Finally, even assuming Plaintiff's contentions about a bad reference given after her termination states a claim, it was not presented to the EEOC, and thus cannot be considered in this case.

In sum, Plaintiff's claims should be dismissed. The Court **GRANTS** Defendant's Motion for Summary Judgment, and **DENIES** Plaintiff's Motion for Summary Judgment.

Plaintiff is advised that she may appeal from this Final Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Final Dismissal Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October /9 , 2010

6